UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Michael Rowe, | Case No. 2:23-cv-01076-APG-BNW |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| Steve Wolfson, et al., | |
| Defendants. | |

Before this Court are Defendant Philip Trenchak's motion to set aside the clerk's entry of default (ECF No. 17) and pro se Plaintiff's motion to withdraw his motion for entry of clerk's default (ECF No. 19). For the reasons discussed below, this Court grants the motion to set aside (ECF No. 17), denies the motion to withdraw (ECF No. 19) as moot, and sets aside the clerk's entry of default (ECF No. 16).

**I. DISCUSSION**

Plaintiff is proceeding pro se and *in forma pauperis*. ECF No. 1. The district judge screened his amended complaint back in April of this year and ordered that Plaintiff complete service by July 3, 2025. ECF No. 10. Plaintiff filed an affidavit of service as to Defendant Trenchak a few weeks later. ECF No. 12. Last month, the Clerk entered default as to Defendant Trenchak. ECF No. 16.

Defendant argues that the Court should set aside the clerk's entry of default (ECF No. 16) because service of process was defective and insufficient, and in any event, there is good cause to do so. ECF No. 17. Defendant explains that Plaintiff's affidavit of service states only that a summons was served. *Id.* at 4; ECF No. 12. In his declaration, Defendant contends that he was served with the screening order only—not a summons or complaint. *Id.* at 5. Moreover, Defendant argues that there is good cause to set aside the entry of default because (1) his conduct was not culpable as he had no obligation to respond to the improperly served screening order; (2)

he has meritorious defenses, including immunity and statutes of limitations; and (3) Plaintiff will suffer no prejudice because the case is in the early stages. *Id. at 4*.

Federal Rule of Civil Procedure 4 requires that a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A defendant is not bound by a judgment where it has not been properly served. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). "Therefore, a defect in the service of process can justify setting aside an entry of default or a final judgment." *Francois & Co., LLC v. Nadeau*, 334 F.R.D. 588, 594 (C.D. Cal. 2020) (citing *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007)).

In addition, courts "may set aside an entry of default for good cause" under Rule 55. Fed. R. Civ. P. 55(c). The good cause analysis considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; *or* (3) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The factors are disjunctive, and courts may base their decision on any one of them. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

As to factor one, a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (simplified), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). In this context, "intentionally" means the defendant acted in bad faith "to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* Regarding factor two, a defendant must allege sufficient facts that, if true, would constitute a meritorious defense. However, the court need not determine whether the factual allegations are true at this point. *See Hakkasan Ltd. v. Kilo Club, LLC*, No. 2:22-CV-01695-APG-EJY, 2023 WL 2955699, at *1 (D. Nev. Apr. 13, 2023) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)). As to factor three, courts should consider whether the opposing party's ability to pursue its claim will be hindered. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

This Court finds Defendant's arguments persuasive. The affidavit of service only states that a summons was served, which, taken as true, is insufficient under Rule 4(c)(1). In addition, there is good cause to set aside the entry of default under Rule 55. While this Court finds that Defendant did receive actual or constructive notice of the filing because he was served with the screening order, it cannot say that his failure to answer was in bad faith given that service was improper. Moreover, Defendant's arguments regarding immunity and statutes of limitation, if true, would constitute a meritorious defense. Finally, Plaintiff will suffer little prejudice given the early procedural posture of this case. In fact, Plaintiff has moved to withdraw his motion for entry of clerk's default to give Defendant an opportunity to respond to his complaint. ECF No. 19.

Given the above, this Court will grant the motion to set aside the entry of default (ECF No. 17). *See Goodwin v. Hatch*, No. 16-CV-00751-CMA-KLM, 2018 WL 3454972 (D. Colo. July 18, 2018), *aff'd,* 781 F. App'x 754 (10th Cir. 2019) (finding that the magistrate judge had authority to vacate the entry of default on an order basis because a "motion to set aside a clerk's entry of default is not a dispositive motion."). In addition, this Court will direct the U.S. Marshal to serve Defendant Trenchak (as explained more fully below) because Plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(d);[1] *see also Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[A] party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal."). Plaintiff will have until December 2, 2025, to serve Defendant Trenchak. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.") (emphasis added).

/ /

/ /

/ /

---

[1] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed IFP, the court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3).

## II.   CONCLUSION

**IT IS ORDERED** that Defendant's motion to set aside the clerk's entry of default (ECF No. 17) is **GRANTED**. The Clerk's Office is directed to set aside the entry of default at ECF No. 16.

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw (ECF No. 19) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons for Defendant Trenchak; (2) deliver the summons along with a copy of the third amended complaint (ECF No. 8) to the U.S. Marshal for service; and (3) mail Plaintiff one blank copy of Form USM-285. Once Plaintiff receives the USM-285 form, he must fill in Defendant's last-known address.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 24, 2025, to send the U.S. Marshal the required Form USM-285. Within twenty-one days of receipt of the USM-285 form, the U.S. Marshal must, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Defendant Trenchak at his last-known address.

DATED: October 6, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE