**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL ROWE,

Plaintiff

v.

PHILIP TRENCHAK, et al.,

Defendants

Case No.: 2:23-cv-01076-APG-BNW

**Order (1) Granting Trenchak's Motion to Dismiss, (2) Granting in Part Trenchak's Motion to Declare Rowe a Vexatious Litigant, and (3) Modifying Magistrate Judge Weksler's Recommendation**

[ECF Nos. 25; 27; 64]

Michael Rowe brought this lawsuit raising various issues related to his arrest, prosecution, and incarceration in Nevada state court in 2023. His complaints in this case have raised claims against the Las Vegas Metropolitan Police Department (LVMPD), LVMPD officers, Clark County Detention Center, Clark County District Attorney Steve Wolfson, and private attorney Philip Trenchak. I dismissed his first and second amended complaints in screening orders for combining improperly joined claims. ECF Nos. 5 at 3; 7 at 4-5. But I allowed his third amended complaint to proceed, liberally construing it as raising claims for false arrest, malicious prosecution, and intentional infliction of emotional distress (IIED) against Trenchak and the three unnamed LVMPD officers who arrested him. ECF No. 10 at 7-9.

Trenchak moves to dismiss all charges against him for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and under Nevada's anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute. He seeks fees under Nevada's anti-SLAPP statutes. He also moves to declare Rowe a vexatious litigant, and Magistrate Judge Weksler recommends the motion be granted. Rowe did not object to that recommendation.

I dismiss the claims against Trenchak for failing to state a claim, but I deny the motion to dismiss under Nevada's anti-SLAPP statutes. Next, I order Rowe to identify and serve the three unnamed LVMPD officer defendants. Finally, I grant in part Trenchak's motion to declare Rowe a vexatious litigant and modify Magistrate Judge Weksler's recommendations. Rowe must receive leave prior to filing any new actions in this district against Trenchak for Trenchak's alleged role in Rowe's 2023 arrest.

## I. MOTION TO DISMISS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555. Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*. (simplified).

I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of

amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

I derive the facts for adjudicating Trenchak's motion to dismiss from Rowe's initial third amended complaint. Rowe filed two documents labeled "Third Amended Complaint." ECF Nos. 8; 9. I previously accepted the initial third amended complaint, ECF No. 8, as the operative complaint in this case. ECF No. 10 at 1.

In a separate lawsuit, Rowe sued an individual named Dr. Silverberg, and that suit was dismissed. ECF No. 8 at 3. Rowe then went to Silverberg's office and knocked over a computer monitor. *Id.* Even though an LVMPD officer said nothing was broken, Rowe was arrested for destruction of property. *Id.* That criminal case against Rowe was closed for a lack of evidence. *Id.*

Rowe then posted several derogatory comments about Silverberg and LVMPD officers on Facebook. *Id.* at 4-5. Roughly a year later, in February 2023, Trenchak, who is an attorney, contacted Rowe on Facebook and filed a false affidavit to have Rowe arrested for stalking Silverberg. *Id.* at 4. In March, three LVMPD officers arrested Rowe in retaliation for his Facebook post calling them incompetent. *Id.* at 5. Rowe alleges they did not have probable cause to arrest him because his initial destruction of property charge had been closed, and his Facebook posts did not qualify as stalking because they are "protected by free speech." *Id.* Rowe was jailed for six weeks, and during his September 2023 preliminary hearing the case was dismissed *nolle prosequi*. *Id.* at 6.

/ / / /

/ / / /

/ / / /

**A. I dismiss all claims against Trenchak under Local Rule 7-2(d).**

Trenchak moves to dismiss the false arrest, malicious prosecution, and IIED claims against him for failure to state a claim. Rowe did not respond to Trenchak's substantive arguments in his opposition,[1] so he consents to dismissal of the claims. LR 7-2(d).

**B. I deny Trenchak's motion to dismiss under Nevada's anti-SLAPP statutes.**

Trenchak separately moves to dismiss all claims against him under Nevada's anti-SLAPP statutes, arguing that his alleged reports to LVMPD regarding Rowe's behavior are protected activities. He also argues he is entitled to reasonable attorney's fees and costs incurred in defending this suit and an additional $10,000 award under Nevada Revised Statutes (NRS) § 41.670(1).

"Nevada's anti-SLAPP statutes allow defendants to file a special motion to dismiss lawsuits initiated to chill free speech." *Abrams v. Sanson*, 458 P.3d 1062, 1064 (Nev. 2020). I first "evaluate 'whether the moving party has established, by a preponderance of the evidence,' that he or she made the protected communication in good faith." *Rosen v. Tarkanian*, 453 P.3d 1220, 1223 (Nev. 2019) (en banc) (quoting NRS § 41.660(3)(a)). "Only after the movant has shown that he or she made the protected statement in good faith do" I determine "'whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim.'" *Id.* (quoting NRS § 41.660(3)(b)). If I grant a motion to dismiss under Nevada's anti-SLAPP statute, I "shall award reasonable costs and attorney's fees to the person against whom

---

[1] Rowe filed an untimely second response to Trenchak's motion to dismiss, which I do not consider. ECF No. 49. Even if I did, Rowe did not raise any substantive arguments in the second response. Rowe is advised that if he seeks to file a surreply to any filings in the future, he must first receive leave from the court. LR 7-2(b). But "motions for leave to file a surreply are discouraged." *Id.*

the action was brought." NRS § 41.670(1)(a). Additionally, I "may award . . . an amount up to $10,000 to the person against whom the action is brought." *Id.* at § 41.670(1)(b).

Trenchak has not met his burden at step one of the anti-SLAPP analysis to show by a preponderance of the evidence that he filed the police reports in good faith. In his declaration supporting his motion to dismiss under the anti-SLAPP statute, Trenchak "vehemently den[ies] ever" "contacting law enforcement to write out a police report or any other type of report" regarding Rowe's criminal charges. ECF No. 25-1 at 2. To apply, Nevada's anti-SLAPP statutes require that the movant made a good faith communication. Trenchak has not provided any caselaw holding that someone who has not made a statement can resort to Nevada's anti-SLAPP statutes. Therefore, he has not met his initial burden, and I deny his motion to dismiss under the Nevada anti-SLAPP statutes. Accordingly, I deny his requests for fees and an award under NRS § 41.670(1).

**C. I grant Rowe leave to amend his claims against Trenchak.**

Because it is not clear that amendment would be futile, I grant Rowe leave to amend if he can plausibly allege that Trenchak filed a false police report to have Rowe arrested. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (quotation omitted)). Rowe may not raise new claims in his fourth amended complaint.

## II. ORDER REGARDING SERVICE OF THE THREE JOHN DOE DEFENDANTS

In April 2025, I ordered Rowe to complete service within 90 days under Federal Rule of Civil Procedure 4(m). ECF No. 10 at 9. Currently, he has not identified or served the three unnamed LVMPD officers listed as defendants John Does 1-3. It does not appear he has taken

any steps to serve them. Rowe must identify the three LVMPD officers and file an amended complaint naming them as defendants by September 8, 2026 He must then serve those defendants by October 23, 2026 or else his claims against them will be dismissed.

**III. MOTION TO DECLARE ROWE A VEXATIOUS LITIGANT**

Trenchak moves to declare Rowe a vexatious litigant and to limit Rowe from filing new actions in this District involving 42 U.S.C. § 1983 civil rights claims. Magistrate Judge Weksler recommended the motion be granted but narrowed the proposed order to limit Rowe from filing new cases for claims that he has already brought. Rowe did not respond to Trenchak's motion or object to Magistrate Judge Weksler's recommendation.

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148. But the Ninth Circuit has cautioned that vexatious litigant orders are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). This is because such an order restricts access to the courts, which is the litigant's "final safeguard for vitally important constitutional rights." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983). Restrictions imposed on vexatious litigants must be narrowly tailored but may include prohibiting the litigant from filing future actions against a particular party or regarding particular issues without first demonstrating to the court that the proposed action is not frivolous. *De Long*, 912 F.2d at 1148.

District courts must consider four factors before entering a pre-filing order against a litigant. First, the litigant must be given notice and an opportunity to be heard. *Id.* at 1147. Second, the district court must "create an adequate record for review." *Id.* Third, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (quotation omitted). Finally, pre-filing restrictive orders "must be narrowly tailored to closely fit the specific vice encountered." *Id.* In addressing the third and fourth factors, the Ninth Circuit has listed an additional five factors to evaluate the vexatiousness of the litigant's actions and the appropriateness of the proposed remedy:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quotation omitted).

**A. Rowe received sufficient notice and opportunity to be heard.**

Rowe had two opportunities to be heard on whether he should be declared a vexatious litigant. Trenchak filed and served his motion to declare Rowe a vexatious litigant. ECF No. 27 at 10. Magistrate Judge Weksler entered a recommendation that Rowe be found a vexatious litigant. ECF No. 64. Rowe could have filed a response to the motion or an objection to the recommendation but did not. This is sufficient notice and opportunity to be heard on this issue.

**B. Rowe's record of litigation.**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long,* 912 F.2d at 1147. Rowe has filed 11 cases in the District of Nevada and at least three in Nevada state

court. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1065-66 (9th Cir. 2014) (finding that the district court “was entitled” to consider the plaintiff’s “pattern of state court litigation” on a motion to declare the plaintiff a vexatious litigant). I have reviewed the complaints and dispositive orders for all of the federal cases. Below, I summarize the cases as relevant to my decision.

Rowe has filed what appears to be three cases related to his firing as a teacher for the Clark County School District (CCSD. In the first, Judge Mahan dismissed defendant Clark County Educational Association and granted summary judgment in favor of CCSD. *Rowe v. Clark Cnty. School Dist.*, No. 2:16-cv-00661-JCM-PAL, ECF Nos. 110; 137 (D. Nev. Nov. 8, 2017). This was the only action where Rowe was represented by counsel, but his attorney withdrew midway through the case. *Id.*, ECF No. 59. The second case was filed in Nevada state court. *Rowe v. Clark Cnty. Sch. Dist.*, No. A-18-773610-J (Nev. 8th Judicial Dist. Apr. 27, 2018). I did not review the petition for judicial review because it is not relevant to my ultimate decision, but this case also appears to be in response to his firing because he again sued CCSD. The state court judge granted CCSD’s motion to dismiss. *Id.* (Nev. 8th Judicial Dist. July 30, 2018). In the third, Judge Silva dismissed Rowe’s claims against the State of Nevada due to sovereign immunity and all others for insufficient service of process. *Rowe v. Nev.*, No. 2:22-cv-00014-CDS-DJA, ECF No. 40 (D. Nev. Mar. 17, 2023). Rowe’s allegations in that case did not relate to his arrest and prosecution at issue in the case before me. *Id.*, ECF No. 4. Despite this, months after Judge Silva closed *Rowe v. Nev.*, Rowe filed a letter in that case outlining the alleged issues in his arrest and prosecution. *Id.*, ECF No. 42. In the letter, Rowe stated that

"Phillip Tranak [sic] contacted the DA's office and had me falsely arrested" "for a criminal charge created by Philip Tranak [sic]."[2] *Id.*

Rowe filed one case against LVMPD and several officers because the officers did not let him file a police report against Dr. Silverberg relating to Dr. Silverberg's treatment of Rowe. *Rowe v. Las Vegas Metro. Police Dep't*, No. 2:21-CV-00724-JAD-BNW, ECF No. 8 (D. Nev. May 10, 2021). Judge Dorsey dismissed Rowe's claims without leave to amend in 2022. *Id.*, ECF No. 26. Even though that case also did not relate to his 2023 arrest and prosecution, Rowe filed the same letter he filed in his case before Judge Silva, stating "Phillip Tranak [sic] contacted the DA's office and had me falsely arrested" "for a criminal charge created by Philip Tranak [sic]." *Id.*, ECF No. 33.

Rowe filed one case against the Nevada Board of Dental Examiners and several dentists regarding a bad experience with a dentist. *Rowe v. Nev. State Bd. of Dental Examiners*, No. 2:22-cv-01107-CDS-VCF, ECF No. 1-1 (D Nev. July 7, 2022). Magistrate Judge Ferenbach administratively closed the case because Rowe failed to pay the filing fee. *Id.*, ECF No. 7.

Rowe filed one case regarding inadequate medical care he received while incarcerated. *Rowe v. Corr. Officer Doria*, No. 2:23-cv-00702-RFB-VCF, ECF No. 1-1 (D. Nev. May 3, 2023). Though Trenchak was not a defendant in that case, Rowe requested in his complaint that "Phillip T Esq should also be sanctioned and disbarred for abusing the legal process." *Id.* at 6. Judge Boulware dismissed that case because Rowe did not file his updated address with the court and did not file a new application to proceed *in forma pauperis* or pay the filing fee. *Id.*, ECF No. 7.

[2] Judge Silva struck this letter as a fugitive filing. *Id.*, ECF No. 43.

Rowe appears to have filed two cases against government officials over the denial of his unemployment benefits application. *Rowe v. Nev. Off. of Unemployment***,** No. 2:23-cv-1189-RFB-DJA, ECF No. 2-1 (D. Nev. July 27, 2023); *Rowe v. Emp. Sec. Div.*, No. A-24-901942-J (Nev. 8th Judicial Dist. Sept. 17, 2024).[3] Both were dismissed. *Id*. (Nev. 8th Judicial Dist. Dec. 27, 2024); *Rowe v. Nev. Off. of Unemployment***,** No. 2:23-cv-1189-RFB-DJA, ECF No. 21.

Rowe filed seven cases tied to his 2023 arrest, prosecution, and incarceration for the criminal charges at issue in this case. In the first, he brought several claims, including false arrest and malicious prosecution, against "Phillip T. Esq.," the DA's office, LVMPD, several LVMPD officers, and others. *Rowe v. T., Esq.*, No. 2:23-cv-00614-JAD-VCF, ECF No. 2-1 at 2 (D. Nev. Apr. 20, 2023). While incarcerated, he filed a letter stating that " I hate Phillps [sic] T. the lawyer on facebook. He set this all up to destroy my life!" *Id.*, ECF No. 4 at 2. Judge Dorsey dismissed the complaint because Rowe did not plead any colorable claims but gave leave to amend. *Id.*, ECF No. 12 at 1. For his false arrest claim, Judge Dorsey noted that Rowe's complaint "fail[ed] to recount the nature of his arrest and the circumstances surrounding it." *Id.*, ECF No. 12 at 5. She later dismissed the case because Rowe did not file an amended complaint. *Id.*, ECF No. 14.

Rowe filed the case before me on July 12, 2023, while his case in front of Judge Dorsey was still pending. *Rowe v. Wolfson*, No. 2:23-cv-01076-APG-BNW, ECF No. 1-1 (D. Nev. July 12, 2023). He included Trenchak as a defendant in his second amended complaint. *Id.*, ECF No. 6. Even though his third amended complaint listed only LVMPD as a defendant, I liberally

[3] I did not review this complaint, but it appears this suit relates to Rowe's denial of unemployment benefits based on the case's timing and the defendants (Employment Security Division, the State of Nevada, an Employment Security Division administrator, and the Chairperson of the Board of Review).

construed it to plead claims of false arrest and malicious prosecution against Trenchak, among other defendants. *Id.*, ECF Nos. 8; 10.

Approximately three months after filing the case before me, Rowe filed a third case raising claims of false arrest, malicious prosecution, and others against Trenchak, several judges, and police officers, amongst other defendants. *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC, ECF No. 1-1 (D. Nev. Oct. 16, 2023). Magistrate Judge Couvillier administratively closed the case because Rowe did not file an *in forma pauperis* application or pay the filing fee. *Id.*, ECF No. 4.

About six months after filing the previous complaint, Rowe amended his complaint in one of his unemployment insurance cases to include a due process violation claim against the governor of Nevada, the Nevada Attorney General, and a deputy Nevada attorney general for "concoct[ing] a phony criminal charge to have [Rowe] placed on high level house arrest, placed into solitary confinement for 14 days, [and] shackled." *Rowe v. Nev. Off. of Unemployment*, No. 2:23-cv-1189-RFB-DJA, ECF No. 17 at 7 (D. Nev. Apr. 8, 2023). Magistrate Judge Albregts dismissed the amended complaint for failing to state a claim. *Id.*, ECF No. 19.

In June 2024, Rowe filed a case in Nevada state court against several judges and police officers. *Rowe v. Judge Woods*, No. A-24-895227-C (Nev. 8th Judicial Dist. June 12, 2024). It was dismissed because Rowe noted that he also filed the complaint in federal court. *Id.* (Nev. 8th Judicial Dist. Mar. 19, 2025).

In 2025, Rowe filed his latest two complaints related to his 2023 arrest, prosecution, and incarceration within ten days of each other. The first brings claims against the United States, alleging that its employees, including federal judges, did not handle his lawsuits correctly. *Rowe v. United States*, No. 2:25-cv-01331-GMN-MDC, ECF Nos. 1-1; 9 (D. Nev. July 22, 2025). The

second brings claims against two LVMPD officers and Clark County. *Rowe v. Flincraft*, No 2:25-cv-01394-GMN-MDC, ECF Nos. 2-1; 9 (D. Nev. July 31, 2025). Both cases are still pending.

**C. Rowe's litigation involving Trenchak is harassing and warrants a narrow injunction.**

"[B]efore a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quotation omitted). When determining harassment, I "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must instead discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Ringgold-Lockhart*, 761 F.3d at 1064 (simplified).

Rowe's actions constitute harassment of Trenchak. Rowe filed three complaints against Trenchak, raising the same causes of action for the same facts. *Rowe v. T., Esq*., 2:23-cv-00614-JAD-VCF, ECF No. 2-1; *Rowe v. Wolfson*, 2:23-cv-01076-APG-BNW, ECF No. 8; *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC ECF No. 1-1. In all three, Rowe raised a false arrest claim against Trenchak, alleging that Trenchak told Rowe on Facebook to turn himself in on fraudulent charges or filed a false police report to have Rowe arrested. *Rowe v. T., Esq*., 2:23-cv-00614-JAD-VCF, ECF Nos. 2-1 at 2, 4; 12 at 4; *Rowe v. Wolfson*, 2:23-cv-01076-APG-BNW, ECF No. 8 at 4; *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC, ECF No. 1-1 at 2, 7, 23, 25. He filed all three actions within months of each other. And these repeated filings appear to be driven by Rowe's animosity toward Trenchak. *Rowe v. T., Esq.*, No. 2:23-cv-00614-JAD-VCF, ECF No. 4 at 2 (Rowe stating that he "hate[s]" Trenchak).

Rowe has taken no action to show he is or was interested in pursuing any of his cases against Trenchak. In the first case, after Judge Dorsey dismissed his case with leave to amend, he did not file an amended complaint. *Rowe v. T., Esq*., 2:23-cv-00614-JAD-VCF, ECF Nos. 12; 14. In the case before me, Rowe did not substantively address Trenchak's arguments in either of Rowe's two responses to Trenchak's motion to dismiss. Rowe instead derided Trenchak personally. He called on Trenchak to "mind his own business," noting that Rowe "[does not] go snooping into [Trenchak's] personal life" while neglecting the fact that Rowe sued Trenchak. ECF No. 33 at 2. In the third case, Rowe did not file an *in forma pauperis* application or pay the filing fee after being told he must do so, causing his case to be administratively closed before any defendant filed a motion to dismiss. *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC, ECF Nos. 2; 4.

Rowe's filings in other cases further belie that he has an objective good faith expectation in pursuing new litigation against Trenchak on these same issues. Rowe contacted other courts seeking help with his incarceration due to Trenchak's allegedly false police reports. In two closed cases that were unrelated to Trenchak's alleged conduct and the circumstances surrounding Rowe's arrest, Rowe filed a "demand letter" accusing Trenchak of contacting the District Attorney's office to have Rowe "falsely arrested" for a made-up charge. *Rowe v. Las Vegas Metro. Police Dep't*, No. 2:21-CV-00724-JAD-BNW, ECF No. 33; *Rowe v. Nev.*, No. 2:22-cv-00014-CDS-DJA, ECF No. 42. He filed these letters in June 2023, in between filing his first two cases related to his arrest. In his case alleging inadequate medical care while incarcerated, Rowe requested that Trenchak be disbarred even though he did not list Trenchak as

a defendant. *Rowe v. Corr. Officer Doria*, No. 2:23-cv-00702-RFB-VCF, ECF No. 1-1 at 6.[4] In total, Rowe has sought this court's assistance in six different cases because of the same alleged actions Trenchak allegedly took to harm Rowe, but he has yet to properly do so in any. That is evidence that Rowe intends to harass Trenchak.

Rowe has been pro se in all of his cases invoking Trenchak, which weighs against finding him a vexatious litigant. But if Rowe cannot succeed in this case on his claims against Trenchak, after I have now given him leave to file a fourth amended complaint to state a proper claim, he should not be able to file another complaint against Trenchak for the same claims without leave. And his many filings that mention Trenchak or name him as a defendant show Rowe is likely to try to file a new case against Trenchak, even if I dismiss this case with prejudice.

Therefore, a narrowly drawn prefiling restriction is the only way to curtail Rowe's harassing litigation against Trenchak. Therefore, Rowe may not, without first obtaining the permission of the Chief Judge of this court, commence any new action against Trenchak regarding Trenchak allegedly filing a false police report which led to Rowe's arrest in 2023.

**D. Trenchak's other filings are not yet frivolous or harassing, so further limitations are not warranted.**

Beyond his claims and filings against Trenchak, Rowe has filed several unrelated actions seeking redress for alleged civil rights violations. "To determine whether the litigation is frivolous, [I] must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart,* 761 F.3d at 1064 (simplified). "The

---

[4] Additionally, that is not the proper procedure to seek to disbar an attorney. The State Bar of Nevada and the Supreme Court of Nevada oversee attorney discipline. *See Nev. Sup. Ct. R*. 99-122; State Bar of Nevada Board of Governors, Disciplinary Rules of Procedure (2023), https://nvbar.org/wp-content/uploads/Disciplinary-Rules-of-Procedure-Amended-11-2-23.pdf.

plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quotation omitted). Two cases usually are insufficient to support a finding of frivolousness. *Ringgold-Lockhart,* 761 F.3d at 1064-66. Courts typically require far more frivolous cases be filed, such as 35, 50, or several hundred. *Id.* at 1065 (collecting cases). But in *Moy v. United States*, the Ninth Circuit ordered that a plaintiff's complaints against certain defendants be subject to a pre-filing review after he "filed over five claims" against those same defendants "arising out of the same set of operative facts." 906 F.2d 467, 470-71 (9th Cir. 1990).

*1. A pre-filing order is not warranted for Rowe's claims unrelated to his 2023 prosecution.*

Rowe's cases unrelated to his 2023 prosecution are not sufficiently numerous and patently without merit to be ruled frivolous at this time. He has filed at least 14 total cases, but as I noted above, they cover a variety of claims and facts. He filed three related to his firing by CCSD, two regarding his denial of his unemployment benefits application, and one action each regarding LVMPD for not filing a police report on Dr. Silverberg, his poor dental care, and inadequate medical care he received while incarcerated. These cases are not sufficiently numerous to justify an order limiting Rowe from filing a new action against those defendants relating to his previously raised claims.

Further, a pre-filing order is not necessary to preclude Rowe from abusing the court system when he has not attempted to file new cases related to many of these facts in years. His last case related to his firing by CCSD was filed four years ago. He filed his one case against LVMPD for not filing the police report five years ago, the one case regarding his dental care four years ago, and one case relating to his medical care while incarcerated three years ago.

*2. Rowe's cases regarding his 2023 prosecution are not patently unmeritorious at this time.*

Rowe has filed seven complaints arising from his 2023 arrest, prosecution, and incarceration. But I cannot hold that all these cases patently lack merit at this time. I am granting him leave to amend in this action before me because he may be able to state a claim. Two other cases are still pending, so it is premature to decide that those cases are without merit. *Rowe v. United States*, No. 2:25-cv-01331-GMN-MDC; *Rowe v. Flincraft*, No 2:25-cv-01394-GMN-MDC. Additionally, several cases were dismissed for purely procedural reasons, so no judge ever made a merits determination on those claims. His case in state court regarding his prosecution was dismissed only because he filed the same complaint in federal court. *Rowe v. Judge Woods*, No. A-24-895227-C (Nev. 8th Judicial Dist. Mar. 19, 2025). Another case was dismissed because Rowe did not file an *in forma pauperis* application or pay the filing fee. *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC, ECF Nos. 1-1; 2; 4.

Further, I decline to rule that Rowe's litigation regarding his prosecution has risen to harassment against any defendant other than Trenchak. The only actions that Trenchak argues is harassing are Rowe's suits against "uninvolved private attorneys like Trenchak to retaliate for perceived slights." ECF No. 27 at 8.

Rowe's pro se status for all but one of his cases also weighs against making a finding of frivolousness or harassment. Therefore, heeding the Ninth Circuit's admonition that a "[c]ourt should not enter pre-filing orders with undue haste," I will not order Rowe to pre-file any other complaints he seeks to file in the future. *Molski*, 500 F.3d at 1057. However, Rowe's pattern of filing cases then letting them be dismissed for failure to file an amended complaint, failure to object to a magistrate judge's recommendation, or failure to pay the filing fee poses an

unnecessary burden on the courts. If his three pending cases related to his prosecution are dismissed, those defendants may have a stronger argument to declare Rowe a vexatious litigant. This is the fourth warning Rowe has received about his borderline frivolous filings. *Rowe v. Clark Cnty. Sch. Dist.*, No. 2:16-cv-00661-JCM-PAL, ECF No. 143 at 2; *Rowe v. Nev. State Bd. of Dental Examiners*, No. 2:22-cv-01107-CDS-VCF, ECF No. 4 at 3; *Rowe v. Judge Cristy Craig*, No. 2:23-cv-01679-RFB-MDC, ECF No. 2 at 3. A future judge might not give him a fifth and instead impose sanctions. If he files new cases in federal court, Rowe should exercise diligence to comply with the Federal Rules of Civil Procedure to avoid frivolous filings.

**IV. CONCLUSION**

I THEREFORE ORDER that defendant Philip Trenchak's motion to dismiss **(ECF No. 25) is GRANTED**.

I FURTHER ORDER that plaintiff Michael Rowe may file an amended complaint by August 11, 2026. He may not assert any new claims against Trenchak.

I FURTHER ORDER that Rowe must file an amended complaint naming the three defendant LVMPD officers by September 8, 2026. He may not assert any new claims against the officers nor add any other defendants. He must then serve the three LVMPD officers by October 23, 2026. Failure to do so will result in his claims against the unnamed LVMPD officers being dismissed.

I FURTHER ORDER that Trenchak's motion to declare Rowe a vexatious litigant **(ECF No. 27) is GRANTED in part** and that Magistrate Judge Weksler's recommendations **(ECF No. 64) are MODFIED**.

I FURTHER ORDER that Michael Rowe is a vexatious litigant who is therefore ENJOINED and PROHIBITED under 28 U.S.C. § 1651(a) from commencing a new action with

a case-initiation document (whether complaint, petition, or otherwise) that raises a claim against or seeks a remedy from Philip Trenchak regarding Trenchak's alleged role in Rowe's arrest in 2023. That means that, if Rowe desires to file a new action in the United States District Court for the District of Nevada raising a claim against or seeking a remedy from Trenchak related to that arrest, Rowe must first:

- **Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application** bearing the title "Application to Chief District Judge Seeking Leave to File."
- **That application must be supported by a declaration from Rowe**, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are unrelated from those asserted against Trenchak in the actions Rowe has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
- And **Rowe must attach a copy of this order** to any such application.

Failure to fully comply with this order will constitute sufficient grounds for denial of the application.

I FURTHER ORDER that the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document that is submitted without prior compliance with this order.

DATED this 20th day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE